IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA MARIE HERRERA,

    Plaintiff,

v.                                           Civ. No. 20-318 SCY/LF

CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST
OF LATTER-DAY SAINTS,

    Defendant.

## ORDER PERMITTING SURREPLY

Plaintiff alleges that Mark Webster, former Branch President of the Las Vegas, New Mexico Branch of The Church of Jesus Christ of Latter-day Saints, sexually abused her for a period of four years in the 1960s. Defendant moved for summary judgment, arguing that this action is barred by the relevant statute of limitations. Doc. 68. Plaintiff opposes summary judgment, arguing for tolling of the statute of limitations due to (1) legal incapacity as defined by NMSA § 37-1-10, which permits an incapacitated plaintiff to bring her claim within one year from the termination of incapacity, and (2) application of the discovery rule, among other things. Doc. 76. In reply, Defendant notes that "Plaintiff's complaint does not allege 'incapacity' or the common-law discovery rule as a basis for tolling." Doc. 87 at 9. Thus, Defendant explains, it did not present facts relevant to these defenses in its motion. *Id*. Instead, it presents them in its reply brief, which was the first opportunity to dispute those facts or set forth additional relevant facts. *Id.* Defendant then sets forth 36 additional facts and attaches an additional exhibit. *Id.* at 9-16, 33-38.

The Court's general practice is not to consider arguments or evidence presented for the

first time in reply. However, if a responding party presents tolling arguments for the first time in its responsive brief, the Court agrees it is reasonable to allow the moving party to set forth additional facts in reply. Plaintiff here has not had the opportunity to respond to Defendant's assertion that she did not provide Defendant adequate notice of her tolling arguments before filing her response brief. Rather than opening a new round of briefing on this notice issue, the Court will allow Defendant to set forth the additional facts contained in its reply and will allow Plaintiff, who has not yet had an opportunity to dispute those facts, to file a surreply that addresses whether a genuine issue exists as to these additional facts. All additional, material facts set forth in Defendant's reply will be deemed undisputed unless specifically controverted. D.N.M.LR-Civ. 56.1(b). Because Plaintiff has already had the opportunity to present facts in support of her tolling arguments, she should not use the surreply to set forth additional facts of her own.

If Plaintiff chooses to file a surreply, she shall file it within 14 days of the date of this order (subject to reasonable requests for extension of time), and the surreply is limited to ten pages.

SO ORDERED.

_/s/ Steve Yarbrough_
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent