IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA MARIE HERRERA,

      Plaintiff,

v.                                        Civ. No. 20-318 SCY/LF

CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST
OF LATTER-DAY SAINTS,

      Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING**
**SUMMARY JUDGMENT ON COUNT I[1]**

Plaintiff Lisa Marie Herrera alleges that Mark Webster, Branch President of the Las Vegas, New Mexico Branch of The Church of Jesus Christ of Latter-day Saints, sexually abused her for a period of four years in the 1960s. Plaintiff brings this case against Defendant, the Corporation of the President of The Church of Jesus Christ of Latter-day Saints, on the theory that Defendant enabled the abuse and that the abuse was within the course and scope of Webster's position with Defendant. The Court previously provided the parties notice under Federal Rule of Civil Procedure 56(f)(2) of its intent to grant summary judgment on grounds not raised by Defendant. Doc. 181 at 22-23. The Court granted both parties an opportunity to be heard, but neither party filed anything or requested additional time to respond.

The complaint brings three counts: (I) negligence, (II) vicarious liability, and (III) intentional infliction of emotional distress. Doc. 1 at 5-13. All claims arise under state tort law.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct all proceedings and to enter an order of judgment. Docs. 4, 6 & 7.

The Court previously granted summary judgment to Defendant on Counts II and III. Doc. 181. Regarding Count I, Defendant argued that it owed no duty to Plaintiff. *Id.* at 19. Many of Defendant's arguments, however, related more to whether Defendant breached its duty than to whether it owed a duty. *Id.* at 19-21. Because Defendant conflated the concepts of duty and breach of duty and did not explicitly move for summary judgment on a no-breach-of-duty theory, and because Plaintiff then reasonably devoted only a small portion of her response to the question of whether Defendant breached his duty, the Court declined to decide whether, drawing all reasonable factual inferences in favor of Plaintiff, a reasonable jury could conclude that Defendant had breached its duty to Plaintiff. *Id.* at 22. Instead, the Court advised the parties that it was considering granting summary judgment to Defendant on the breach-of-duty question and provided the parties an opportunity to brief this issue. *Id.* at 22-23.

In New Mexico, a claim for negligence requires a plaintiff to plead and prove four elements: (1) duty; (2) breach; (3) causation; (4) damages. *Romero v. Giant Stop-N-Go of New Mexico, Inc.*, 2009-NMCA-059, ¶ 5, 146 N.M. 520, 522. Defendant argued that Webster's abuse of Plaintiff was not foreseeable; therefore, Defendant did not have a duty to protect Plaintiff from Webster. Doc. 95 at 3-6. As Plaintiff correctly pointed out, this is not the law in New Mexico. *Rodriguez v. Del Sol Shopping Center Associates, L.P.*, 2014-NMSC-014, ¶ 5, 326 P.3d 465 ("The duty of ordinary care applies unless the [defendant] can establish a policy reason, *unrelated to foreseeability considerations*, that compels a limitation on the duty or an exemption from the duty to exercise ordinary care.").

Just because duty and foreseeability must be considered apart, however, does not mean that foreseeability should not be considered at all. Although foreseeability is generally a question of fact reserved for the jury, if no reasonable jury could conclude from the facts a plaintiff

presents that a defendant breached its duty, or that the breach caused the injury, a district court can grant summary judgment for the defendant as a matter of law. *Rodriguez*, 2014-NMSC-014, ¶ 24.

Plaintiff did not file any supplemental briefing on this issue and her time to do so has expired. Therefore, the Court now takes up the question of whether a reasonable jury could find foreseeability.

Defendant argued that "[t]he undisputed facts also establish that the abuse was not foreseeable." Doc. 95 at 6. As the New Mexico Supreme Court has stated,

> Foreseeability and breach are questions that a jury considers when it decides whether a defendant acted reasonably under the circumstances of a case or legally caused injury to a particular plaintiff. *Torres v. State*, 1995-NMSC-025, ¶ 15, 119 N.M. 609, 894 P.2d 386. Juries are instructed that "[a]s the risk of danger that should reasonably be foreseen increases, the amount of care required also increases." UJI 13-1603 NMRA. Foreseeability as it relates to breach of duty is a general analysis and does not require that the particular harm to the plaintiff have been anticipated. *See Spencer v. Health Force, Inc*., 2005-NMSC-002, ¶ 23, 137 N.M. 64, 107 P.3d 504 ("Foreseeability does not require that the particular consequence should have been anticipated, but rather that some general harm or consequence be foreseeable." (internal quotation marks and citation omitted)). The argument before the jury when it is determining whether breach occurred is whether the foreseeable likelihood and severity of injuries that might have occurred due to the defendant's conduct warranted the additional precautions argued by the plaintiff.

*Rodriguez*, 2014-NMSC-014, ¶ 4. These determinations may be made by a court on summary judgment "if the judge concludes that no reasonable jury could decide the breach of duty or legal cause questions except one way." *Id.* ¶ 24.

Plaintiff argued that "[n]egligent placement, retention and supervision can be based on evidence that Defendant knew or should have known Webster, its agent, was unfit." Doc. 95 at 17 (citing *Valdez v. Warner*, 1987-NMCA-076, ¶ 11, 742 P.2d 517, 519. Plaintiff argued that Defendant should have known Webster was unfit for a leadership position because "Plaintiff presented an affidavit of another member of the congregation that raised concerns to Defendant

3

as to the unfitness of Webster, which was open and obvious to the congregant, including discomfort with Webster's relationship with young girls. There were objections to Webster which were ignored by Defendant." Doc. 95 at 17.

In its previous order on summary judgment, the Court discussed this affidavit, signed by Lela Holmes, extensively. The Court found that this affidavit, "taken at face value, provided the Church no notice that Webster had sexually abused, or was going to sexually abuse, a child." Doc. 181 at 28. Holmes' "testimony does not indicate whether Holmes' complaint was one about which the Church would be aware (such as a complaint made directly to the Church)" and "leaves the factfinder unable to evaluate whether such complaint should have put Defendant on notice." *Id.* In addition, "the nonspecific date of [Holmes'] complaint makes it difficult to determine whether the complaint occurred before or after any specific instance of [Webster's] abuse." *Id.* at 29. Furthermore, "no reasonable factfinder could conclude that a vague complaint about a Branch President being a poor example for children and taking some undefined actions that 'were not appropriate for a Church leader' was sufficient to put a Church on notice that this Church leader had molested, or was going to molest, a child." *Id.* The Court concluded:

> A reasonable jury could infer from Holmes' affidavit that Holmes had concerns about Webster being alone with young girls, but her affidavit provides no evidence that the Church shared, or had reason to share, those concerns. As a result, a reasonable jury would be left to speculate, in the absence of evidence, as to what about Webster made other local Church leaders extremely uncomfortable. That is, no evidence exists from which a factfinder could conclude that Church leaders had reason to share Holmes' concerns about Webster being alone with little girls. Because Holmes does not allege that Church leaders shared her discomfort about Webster's interaction with children, that Church leaders had reason to share her discomfort, or that she notified the Church about her discomfort with Webster's interactions with children, no reasonable factfinder could conclude that Holmes' second category of information notified the Church that Webster had sexually abused, or was going to sexually abuse, a child. In short, no reasonable juror could find that Defendant was on notice of Webster's abuse of Plaintiff based on the declaration of Lela Holmes.

*Id.* at 30. Because this affidavit is the sum total of Plaintiff's arguments regarding foreseeability, the Court extends these conclusions to the present context.

In addition, the New Mexico Supreme Court in *Rodriguez* indicated that the relevant question on summary judgment is "whether the foreseeable likelihood and severity of injuries that might have occurred due to the defendant's conduct warranted the additional precautions argued by the plaintiff." 2014-NMSC-014, ¶ 4. Plaintiff has not indicated what precautions she believes Defendant should have taken to supervise Webster in the absence of any prior indication that he should not have been left alone with young children.

Because Plaintiff bears the burden of proof on this element at trial, Defendant is entitled to summary judgment simply by pointing to the absence of evidence that the abuse was foreseeable. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Although the Court must draw all factual inferences in favor of Plaintiff, the Court cannot draw inferences in the absence of facts. Because Plaintiff has not presented facts to support the second element of negligence—breach of duty of ordinary care—the Court finds that Defendant is entitled to summary judgment.

The Court therefore sua sponte grants summary judgment under Federal Rule of Civil Procedure 56(f)(2) in Defendant's favor on the single remaining count of the complaint, Count I. The Court will enter a separate order of judgment at the same time it files the present Order.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent